UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERMAN GEORGE WIMBERLY,

      Movant,

                                                                 File No. 1:14-cv-763

v.

                                                                  HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.

_____/

**OPINION**

Pending before this Court is Movant Gregory Sherman George Wimberly's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (ECF No. 1). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that if it plainly appears from the face of the § 2255 motion, exhibits and prior proceedings that the petitioner is not entitled to relief, the judge must dismiss the motion. Because upon initial consideration of this motion, it plainly appears that Movant is not entitled to relief, the government was not ordered to file a response to this motion. For the reasons that follow, the Court denies the § 2255 motion and issues this Opinion, Final Order, and Judgment. *See* Rules Governing § 2255 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

**I.    BACKGROUND**

On May 23, 2012, Movant pled guilty without a plea agreement to one count of armed robbery of a credit union and one count of discharging a firearm during a crime of violence,

in violation of 18 U.S.C. §§ 2113(a), (d), (g), and 924(c)(1)(A)(iii). On September 21, 2012, Movant was sentenced to 66 months' imprisonment for the armed robbery, consecutive to 120 months for the discharge of the firearm. Movant had specifically admitted discharging a firearm during the credit-union robbery, the fact used to support his mandatory minimum sentence of 120 months, pursuant to 18 U.S.C. § 924(c)(1)(A)(iii).

On the same day, Movant filed a timely notice of appeal. On appeal, Movant argued that his sentence was substantively unreasonable based on his health issues. While the appeal was pending, Movant moved to hold his appeal in abeyance pending the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). On June 26, 2013, the Sixth Circuit affirmed his sentencing, finding that the holding of *Alleyne* was irrelevant to Movant's case because Movant entered a guilty plea and specifically admitted discharging a firearm during the robbery, the fact used to support his mandatory minimum sentence.

On July 17, 2014, Movant filed his timely § 2255 motion, alleging that his sentence violates the Sixth Amendment under *Alleyne* because he was not charged, indicted for, or held to a violation of 18 U.S.C. § 924(c)(1)(A)(iii).

For the reasons that follow, Movant's argument lacks merit, and his motion under § 2255 is properly denied. The Court also holds that a certificate of appealability will not issue.

## II.     ANALYSIS

**A.     Motion Standards**

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000).

The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances," *DuPont v. United States,* 76 F.3d 108, 110 (6th Cir. 1996) (internal citations and quotation marks omitted), or "an intervening change in the case law." *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999).

In an action to vacate or correct a sentence, a court is generally required to grant a

3

hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if Movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). The files and records in this case conclusively show that Movant is not entitled to relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.

**B. Analysis**

Movant's argument has been expressly addressed and rejected by the Sixth Circuit on his direct appeal. His argument that he was "never charged, indicted for, or held to a violation of 18 U.S.C. § 924(c)(1)(A)(iii) is without merit in light of his December 8, 2011, grand jury indictment for violation of that statute and plea of guilty at a hearing on May 23, 2012. The Sixth Circuit reviewed his claim for a possible *Alleyne* violation, and found none. Movant has failed to demonstrate "exceptional circumstances" or "an intervening change in the case law" that would entitle him to raise these issues a second time on collateral review. *DuPont*, 76 F.3d at 110. The Court holds, therefore, that Movant is entitled to no relief under § 2255 for these defaulted issues.

4

### III.     CERTIFICATE OF APPEALABILITY

Having determined that Movant's arguments do not merit granting his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him, this Court may also determine whether to issue a certificate of appealability on these constitutional claims. *See Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002).

A certificate of appealability should issue if the Movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Movant's arguments under the *Slack* standard.

To warrant a grant of the certificate, "the [Movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Movant's arguments debatable or wrong. Therefore, the Court denies Defendant a certificate of appealability as to each issue presented.

## IV.  CONCLUSION

For the foregoing reasons, the Court denies Movant's § 2255 motion and denies a certificate of appealability as to each issue raised.

The Court will issue a Final Order and Judgment consistent with this Opinion.


Dated: January 15, 2015          /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 UNITED STATES DISTRICT JUDGE